UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMAR HARRIS, <br><br>  Plaintiff, <br><br> v. <br><br> COUNTY OF CLARK et al., <br><br>  Defendants. | Case No. 2:22-cv-00560-RFB-NJK <br><br> **ORDER** |

### I.   INTRODUCTION

Before the Court for consideration is Plaintiff's motion for reconsideration (ECF No. 44). Plaintiff filed the instant motion for reconsideration on October 17, 2023. He moves for reconsideration of the Court's September 29, 2023 Order. For the following reasons, the Court denies the motion.

### II.   RELEVANT BACKGROUND

The Court incorporates by reference its procedural and factual background section from its September 29, 2023 Screening Order (ECF No. 32) and adds the following. Plaintiff is incarcerated at High Desert State Prison. On September 29, 2023, the Court issued an order, which considered the Honorable Nancy J. Koppe's Report and Recommendation and screened Plaintiff's First Amended Complaint ("FAC"). The Order adopted the Magistrate Judge's recommendations in full, finding that certain of Plaintiff's claims and injunctive relief were barred by Younger abstention. The Court permitted Plaintiff's malicious prosecution claim to proceed against Defendant Hui; and allowed Plaintiff's false arrest claim to proceed against Defendants Hui, Beas, Bluth, Hoier, and Baughman. The Court further permitted Plaintiff's Monell claim to proceed

against Clark County. The Court dismissed Plaintiff's false imprisonment claim as well as Plaintiff's negligence, IIED, and malpractice claims. The Court also stayed this matter pending resolution of his state criminal prosecution, which Plaintiff described as a "re-trial."

On October 12, 2024, Plaintiff filed a Notice of Appeal. ECF No. 43. On October 17, 2024, Plaintiff also filed his motion for reconsideration. ECF No. 44. He moves for reconsideration on his claims for (1) injunctive relief, (2) malicious prosecution, (3) false imprisonment, and (4) malpractice. As a result of his motion for reconsideration, the Court of Appeals issued an order on November 17, 2023, holding his appellate proceedings in abeyance until the district court decided the motion for reconsideration. See Fed. R. App. P. 4(a)(4); Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994). On March 20, 2024, Plaintiff Harris filed a motion for status check. In his motion, he attaches the state criminal court docket as well as an attorney letter, which show that the state criminal trial proceedings against Plaintiff were dismissed on February 5, 2024, and the state criminal case is now closed.[1] ECF No. 59. On April 8, 2024, Plaintiff filed a motion for "Chief Judge to Instruct this Court to Respond" to his motion for reconsideration. ECF No. 60. On April 19, 2024, Plaintiff filed a request for a writ of mandamus to the Ninth Circuit. ECF No. 61. On May 8, 2024, Plaintiff filed a second appeal from the Court's September 29, 2023 order.[2] ECF No. 62. This Order follows.

### III. LEGAL STANDARD

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); see also Herron v. Wells Fargo Fin. Inc., 299 Fed. App'x 713 (9th Cir. 2008) (noting the district court properly applied the Rule 60(b) standard due to the timing of filing of the relevant motion for reconsideration).

---

[1] The Court takes judicial notice of the state criminal court docket. Courts may "take judicial notice of undisputed matters of public record." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

[2] Because the Ninth Circuit has already determined that his appeal from the Screening Order will be held in abeyance until the motion for reconsideration is decided and Plaintiff's second appeal seeks review of the same Screening Order, the Court takes up the motion for reconsideration now.

The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### IV.   DISCUSSION

Plaintiff filed the instant motion within 28 days of the Court's ruling. Therefore, pursuant to Fed. R. Civ. P. 59(e), he must (1) show that the Court's Order contained manifest errors of law or fact, (2) present new evidence that he could not have presented earlier, (3) demonstrate that failure to amend or alter judgment would result in manifest injustice or (4) point to a change in controlling law. Allstate Ins. Co., 634 F.3d at 1111.

#### A. Claims for Injunctive Relief

The Court denies Plaintiff's motion for reconsideration. With respect to Plaintiff's motion for injunctive relief, he improperly raises new legal arguments as to why Younger abstention is inapplicable, noting that irreparable injury will occur absent an injunction and cites Perez v.

Ledesma, 401 U.S. 82, 85 (1971) (finding that federal injunctive relief against pending state prosecutions may be appropriate in "extraordinary circumstances where irreparable injury can be shown."). But Plaintiff does not cite any additional facts or evidence, which suggest that the Court's prior order was clear error or manifestly unjust. Plaintiff alleged in his FAC, as he does in his motion for reconsideration, that he would be forced to undergo personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. The Court therefore already considered these allegations related to Plaintiff's state criminal prosecution and found that there were no "extraordinary circumstances," which justified the Court's interference. The Court further finds that Plaintiff's claims for injunctive relief are now moot because the state criminal proceedings against him have been dismissed.

### B.  § 1983 Malicious prosecution

The Court dismissed Plaintiff's malicious prosecution claim against Defendants Bluth, Baughman, Beas, Baca, and Ortiz because it found that Plaintiff failed to allege specific facts as to these defendants. However, the Court permitted this claim to proceed against Defendant Hui. Plaintiff simply asks the Court to reconsider its decision on this cause of action but provides no argument or evidence as to why the Court's prior decision with respect to the dismissed Defendants was an error of law or fact. Because "a motion for reconsideration should not be granted, absent highly unusual circumstances" and Plaintiff has not presented new evidence or arguments that would allow the Court to revisit and vacate its prior order, Plaintiff's motion is denied with respect to his malicious prosecution claim. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

### C.  § 1983 False imprisonment

Plaintiff's false imprisonment allegations consist of the following: Plaintiff was unlawfully arrested on June 21, 2010 for 48 hours. Plaintiff was rearrested on May 26, 2012. The prosecutor was forced to dismiss the case on June 13, 2012. Plaintiff was then wrongfully convicted on September 20, 2013.

The Court concluded that a determination on Plaintiff's false imprisonment claim would necessarily impugn the validity of his underlying conviction and was therefore barred by Heck v.

Humphrey without proof that his "conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by state tribunal, or called into question by federal court's issuance of writ of habeas corpus." 512 U.S. 477, 486–87 (1994); Wallace v. Kato, 549 U.S. 384 (2007) (explaining that a court must abstain from adjudicating claim, which if true, would have established the invalidity of his outstanding conviction."). Because Plaintiff has provided no additional facts or evidence suggesting that his underlying conviction or sentence has been reversed or declared invalid, or that Heck v. Humphrey is inapplicable, the Court denies Plaintiff's motion with respect to his false imprisonment claim.

Even if Plaintiff's false imprisonment allegations from 2010 and 2012 are unrelated to his 2013 conviction, and therefore not barred by Heck, the claim is nonetheless barred by the statute of limitations. The statute of limitations for bringing a 42 U.S.C. § 1983 action is determined by state law. Under Nevada law, the statute of limitations for bringing a false imprisonment claim is two years. Nev. Rev. Stat. § 11.190(4)(e). "[T]he accrual date of a § 1983 action is a question of federal law." Wallace, 549 U.S. at 388. The statute of limitations for a false imprisonment claim begins to run "when the alleged false imprisonment ends." Id. at 389. Accordingly, even if Plaintiff's false imprisonment was distinct from his underlying conviction, the statute of limitations began to run at the very latest, on June 13, 2012, when the prosecutor dismissed the case against Plaintiff. Plaintiff's complaint, which was filed on September 6, 2022, is untimely.

### A.  Nevada Legal Malpractice Claim

The Court dismissed Plaintiff's malpractice cause of action because Plaintiff had failed to allege that he had been granted appellate or post-conviction relief. Although general legal malpractice claims are actionable once the underlying litigation has concluded, "[i]n a legal malpractice case arising from criminal defense . . . proximate cause does not exist until post-conviction or appellate relief is granted." Clark v. Robison, 944 P.2d 788, 790 (Nev. 1997) (quoting Morgano v. Smith, 879 P.2d 735, 737 (Nev. 1994)). See also id. ("[T]he plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss."). Plaintiff has failed to present new evidence or arguments which suggest that he has been granted post-conviction or appellate relief. The

dismissal of Plaintiff's state prosecution in his "re-trial" does not alter this finding. Plaintiff's motion is therefore denied on these grounds.

### V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 44) is **DENIED.**

**IT IS FURTHER ORDERED** that ECF No. 59 and ECF No. 60 are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that in light of the termination of Plaintiff's state criminal prosecution, the **STAY** in this case is **HEREBY LIFTED.**

**DATED:** May 22, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**