UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMAR HARRIS, | Case No. 2:22-cv-00560-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| COUNTY OF CLARK[1], *et al.*, | |
| Defendants. | |

Before the Court is Defendant Clark County's Motion to Dismiss (ECF No. 50) the September 9, 2023, Amended Complaint. For the reasons discussed below, the Court denies Defendant's Motion to Dismiss without prejudice as moot.

Defendant Clark County filed the instant Motion to Dismiss on December 5, 2023. ECF No. 50. On December 19, 2023, Plaintiff filed both a Response to the Motion to Dismiss and, without leave of the Court, a second amended complaint. ECF No. 53. In the Response, Plaintiff indicates that "out of an abundance of caution" he would "file his amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) to correct any deficiencies." In this amended complaint, Plaintiff *inter alia* adds the Metropolitan Police Department as a party and a cause of action for failure to supervise against that defendant.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. A plaintiff may amend their complaint once without leave of court "as a matter of course," provided they amend

---

[1] While the caption of the case names Defendant County of Clark, this refers to Clark County, Nevada, who will hereafter be referred to as Defendant Clark County. Courts routinely grant motions or stipulations to amend case captions (or amend the caption *sua sponte*) when a party has merely been misnamed or when a party's name is misspelled. See Twitch Interactive, Inc. v. Johnston, No. 16-cv-03404-BLF, 2019 U.S. Dist. LEXIS 125231, 2019 WL 3387977 (N.D. Cal., 2017).

1  within 21 days of service or within 21 days of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A),
2  (B). Otherwise, Federal Rule of Civil Procedure 15(a)(2) allows "a party [to] amend its pleading
3  only with the opposing party's written consent or the court's leave."

4  The Court now considers Plaintiff's amended complaint.

5  Plaintiff's Response indicates that he is seeking to amend as a matter of course. The Ninth
6  Circuit has held that the phrase "matter of course" means that Rule 15 confers a "right" to amend
7  once without leave of court. See Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en
8  banc). This right need not be exercised only on a first amended complaint, but may be used on
9  subsequent amendments so long as the amendment is timely and the plaintiff had not previously
10 exhausted the right. See Ramirez v. County of San Bernardino, 806 F.3d 1002 (9th Cir. 2015)
11 (holding that a plaintiff's "15(a)(2) amendment, filed first in time, cannot be construed as a waiver
12 or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was
13 timely."). Here, the first amended complaint was filed with leave of court under 15(a)(2). Now,
14 Plaintiff moves to exercise his 15(a)(1) right in filing his second amended complaint without leave
15 of court. The Court finds the amendment timely, since Plaintiff filed it within 21 days of
16 Defendant's 12(b) motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(b). Plaintiff's second amended
17 complaint is therefore the controlling complaint in this action. See Forsyth v. Humana, Inc., 114
18 F.3d 1467, 1474 (9th Cir. 1997).

19 Where a Motion to Dismiss targets a complaint which has been superseded by amendment,
20 the Motion is rendered moot. See Ramirez, 806 F.3d 1002 at 1008. Counsel for Defendant must
21 therefore move to dismiss the controlling complaint. Regardless, the Court exercises its discretion
22 to rescreen the second amended complaint. See 28 U.S.C § 1915(e)(2) (allowing the court to
23 "dismiss the case at any time if the court determines" that the action is frivolous, fails to state a
24 claim upon which relief may be granted, or seeks monetary relief against an immune defendant).
25 district courts repeatedly find that the decision to screen an amended complaint is within the
26 discretion of the Court. See Collins v. Nev. Dep't of Corr., No. 2:22-cv-01795-CDS-BNW, 2024
27 U.S. Dist. LEXIS 116011, 2024 WL 2061010 (D. Nevada 2024) ("While it is within the Courts
28 discretion to screen an amended complaint, the Court is not compelled to do so"); see also Mwanza

1  v. Foster, No. 3:14-cv-00331-MMD-WGC, 2015 U.S. Dist. LEXIS 118523, 2015 WL 5123410
2  (D. Nevada 2015) ("Screenings of proposed amended complaints . . . would be determined 'on a
3  case-by-case basis'"); see also Olausen v. Murguia, No. 3:13-cv-388-MMD-VPC, 2014 U.S. Dist.
4  LEXIS 159941, 2014 WL 6065622 (D. Nevada 2014) ("To be sure . . . the decision to engage in
5  post-answer court screening is made on a case-by-case basis"). While the Court is thus not bound
6  to rescreen Plaintiff's amended complaint, the Court finds that Plaintiff's addition *inter alia* of a
7  defendant and cause of action warrants screening.

   For the foregoing reasons, **IT IS ORDERED** that Defendant Clark County's Motion to Dismiss is **DENIED** as moot.

   The Court asks that the Honorable Nancy J. Koppe, United States Magistrate Judge, re-screen the Amended Complaint (ECF No. 53).

   **IT IS FURTHER ORDERED** that the Clerk of Court is directed to amend the caption of this case to Ammar Harris v. Clark County.

   **DATED:** September 29, 2024.

   _____
   **RICHARD F. BOULWARE, II**
   **UNITED STATES DISTRICT JUDGE**