**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AMMAR HARRIS, | Case No. 2:22-cv-00560-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| CLARK COUNTY, *et al*., | |
| Defendants. | |

Before the Court for consideration is the Amended Report and Recommendation (ECF No. 74) of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered on February 26, 2025. For the following reasons, the Court respectfully adopts the Report and Recommendation in part and modifies it in part.

**I.  LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

///

## II.    PROCEDURAL BACKGROUND

The Court recites only the procedural background relevant to the instant Order.

On December 5, 2025, after initial screening and service of Plaintiff's First Amended Complaint ("FAC"), Defendant Clark County filed a Motion to Dismiss. ECF No. 50. On December 19, 2023, Plaintiff filed a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 53. Accordingly, the Court denied Clark County's Motion to Dismiss as moot in light of the superseding SAC and ordered rescreening of the SAC by Magistrate Judge Koppe. ECF No. 65.

On February 26, 2025, Judge Koppe issued the instant Amended Report and Recommendation,[1] which dismissed, with prejudice, municipal officer defendants who were sued in their official capacity as redundant of Defendants Clark County and Las Vegas Metropolitan Police Department ("LVMPD"), as well as Plaintiff's claims for false imprisonment, malicious prosecution against all Defendants except Defendant Hui, intentional infliction of emotional distress, and legal malpractice. ECF No. 74. On March 11, 2025, Plaintiff timely filed an objection to the Report and Recommendation, objecting only to the dismissal of Plaintiff's malicious prosecution claim against Defendants Beas, Baca, and Ortiz. ECF No. 79. Accordingly, the Court will determine whether Plaintiff's SAC states a colorable claim against those Defendants *de novo*.[2]

## III.    FACTUAL ALLEGATIONS

The factual allegations relevant to the Court's *de novo* determination are as follows: On July 22, 2010, Defendants Hui, Beus, Baca and Ortiz made deliberately false statements or recklessly disregarded the truth in an affidavit that was material to the procurement of an arrest warrant for Harris. On information and belief, these Defendants were motivated to obtain the warrant to justify the seizure of his property, including his $75,000 BMW, so they could initiate civil asset forfeiture, and by financial incentives provided to capture footage of "Vice Detectives"

---

[1] The Report was amended to correct an error in the caption. See ECF No. 74 at 1, fn. 1.

[2] On screening under 28 U.S.C. § 1915, the Court has authority to dismiss a complaint that fails to state a claim upon which relief may be granted. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. Hebbe v. Plier, 627 F.3d 338, 342, & n. 7.

for the television show COPS. On June 23, 2010, Defendants Hui, Beus, Bluth Hoier, Baughman and a camera crew filming for the show COPS entered Plaintiff's home without a warrant and seized his property. He was subsequently detained at Clark County Detention Center, booked on falsified charges, and released. On May 26, 2012, Plaintiff was rearrested on warrant, and consequently lost his car, job, and place of residence. On June 12, 2012, he appeared in Las Vegas Justice Court, and the prosecutor Defendant Zadrwoski dismissed the case under NRS 174.085, after Defendant Hui and the alleged victim Marissa Valdez-Pickett were subpoenaed but failed to appear in court. Later, on February 25, 2013, prosecutors used the July 22, 2010, false statements of Defendants Hui, Beus, Baca, and Ortiz to obtain another arrest warrant, and Plaintiff was again arrested. Plaintiff was indicted by a grand jury. Throughout the proceedings the prosecution engaged in misconduct including, *inter alia*, withholding material exculpatory evidence, paying a witness to testify and threatening them with prosecution for false statements, and making prejudicial public statements against Plaintiff in press conferences and other media.

Plaintiff was convicted on or about September 19, 2013. In 2016 his conviction was reversed and remanded by the Nevada Supreme Court because the district court erred in denying Plaintiff's motion for self-representation. Retrial proceedings were recently dismissed for reasons that are not clear from the record, although Plaintiff's SAC seems to suggest the dismissal was related to the prosecution's withholding of exculpatory evidence from the grand jury.

### IV. DISCUSSION

#### A. Malicious Prosecution

Plaintiff brings his malicious prosecution claim under 42 U.S.C. § 1983.

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690–95 (1978). To prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific

1  constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995). Malicious
2  prosecution actions are not limited to suits against prosecutors but may be brought, as here, against
3  other persons who have wrongfully caused the charges to be filed. Galbraith v. County of Santa
4  Clara, 307 F.3d 1119, 1126–27 (9th Cir. 2002).

5        The Report and Recommendation adopted this Court's reasoning in a previous Order
6  screening Plaintiff's FAC, which found Plaintiff failed to allege facts specific to the Defendants,
7  other than Defendant Hui, sufficient to state a malicious prosecution claim against them, and
8  dismissed the claim against those Defendants without prejudice. From the allegations specific to
9  Hui, this Court found Plaintiff had sufficiently alleged a malicious prosecution claim based on
10 Hui's alleged involvement in the "initial investigation through the production of documents to the
11 prosecutors" which rendered plausible his allegation that "the criminal prosecution was induced
12 by fraud, corruption, and wrongful conduct taken in bad faith." ECF No. 74 at 5.

13       The Court now finds Plaintiff's SAC alleges sufficient facts specific to Defendants Beus,
14 Baca, and Ortiz—in addition to Defendant Hui—to state a colorable claim for malicious
15 prosecution against them. The SAC alleges said Defendants, with Defendant Hui, made
16 deliberately false statements, or recklessly disregarded the truth, in an affidavit that was material
17 to the finding of probable cause for an arrest warrant of Plaintiff. These allegations are factually
18 specific as to Defendants Hui, Beus, Baca, and Ortiz's participation in the wrongful use of judicial
19 process, because the false statements were material to obtaining an arrest warrant, with which
20 Plaintiff alleges he was arrested, detained, and prosecuted. As with Defendant Hui, this is sufficient
21 at the screening stage to state a malicious prosecution claim against Defendants Beus, Baca, and
22 Ortiz. See Wallace v. Kato, 549 U.S. 384, 389–90 (2007) (holding that once a victim of false arrest
23 or imprisonment becomes held pursuant to judicial process, his unlawful detention becomes part
24 of the distinct tort of malicious prosecution).

25       Likewise, Plaintiff alleges these Defendants were motivated to deprive him of his Fourth
26 Amendment rights; for example, he alleges they made these false statements to obtain a warrant
27 to justify their seizure of his property. See Awabdy, 368 F.3d at 1069 (affirming that a malicious
28 prosecution plaintiff must prove the defendants acted for the purpose of depriving him of a specific

constitutional right, such as a right protected by the Fourth Amendment).

Accordingly, the Court respectfully modifies the Magistrate Judge's recommendation and will allow Plaintiff's claim for malicious prosecution to proceed against Defendants Beus, Baca, and Ortiz to proceed, as well as Defendant Hui.

### B. Remaining Claims

Having reviewed the record, the Court otherwise concurs with the Magistrate Judge's recommendations, to which Plaintiff does not object. The Court adopts the recommendation dismissing Plaintiff's remaining claims with prejudice because further amendment would be futile, and where Plaintiff claims are dismissed as insufficiently pled, Plaintiff has had multiple opportunities to amend and has not cured the deficiencies.

### V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Clark County Sheriff, Wolfson, Stanton, Weckerly, Luzaich, and Zadrowski are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for false imprisonment is **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for false arrest against Defendants Hui, Beas, Bluth, Hoiser, Baughman, Hughes, Baca, and Ortiz will proceed;

**IT IS FURTHER ORDERED** that Plaintiff's claim for malicious prosecution against Defendants Hui, Beus, Baca, and Ortiz will proceed;

**IT IS FURTHER ORDERED** that Plaintiff's claim for malicious prosecution against Defendants Hughes, Hoier, Baughman, and Bluth is **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's <u>Monell</u> claim regarding Defendant Clark County's authorizing a program subjecting officers to ride alongs with the filming crew for the television show COPS will proceed;

**IT IS FURTHER ORDERED** that Plaintiff's <u>Monell</u> claim regarding Defendant Clark County's failure to train or supervise prosecutors relating to Plaintiff's criminal prosecution will proceed;

**IT IS FURTHER ORDERED** that Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for legal malpractice is **DISMISSED with prejudice**.

**DATED**: September 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**