UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ammar Harris,<br><br>            Plaintiff(s),<br><br>v.<br><br>Clark County, et al.,<br><br>            Defendant(s). | Case No. 2:22-cv-00560-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 109, 115] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motions to dismiss. Docket No. 109; Docket No. 112 (joinder). In light of an extension provided to Plaintiff, two of the underlying motions to dismiss have not yet been fully briefed. *See* Docket No. 121. The Court has broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). Resolving a motion to stay discovery involves evaluating the arguments presented in the underlying motion to dismiss and subsequent briefing, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013), so courts generally defer ruling on a motion to stay discovery until the briefing is complete on the underlying motion to dismiss, *see V5 Techs., LLC v. Switch, Ltd.*, 2017 U.S. Dist. Lexis 174971, at *1-2 (D. Nev. Oct. 23, 2017). Accordingly, the Court **DEFERS** ruling on the motion to stay discovery. Docket No. 109. The Court also **STAYS** discovery on an interim basis pending resolution of the motion to stay discovery. *Cf. V5 Technologies*, 2017 U.S. Dist. Lexis 174971, at *1-2 (staying discovery on an interim basis to allow underlying motion to dismiss to be fully briefed). In light of this ruling, the Court **DENIES** without prejudice Plaintiff's motion for initial disclosures. Docket No. 115.

IT IS SO ORDERED.

Dated: December 23, 2025

                                                                          _____
                                                                          Nancy J. Koppe
                                                                          United States Magistrate Judge